USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
IN RE:                              :   Bankr. Ct. Case No.
                                    :   07-11961 (SMB)
AL's BEST ELECTRIC CO., INC.,       :
                                    :
            Debtor.                 :
------------------------------------X
AL's BEST ELECTRIC CO., INC.,       :
                                    :   Distr. Ct. Case No.
            Plaintiff,              :   09cv186 (LAP)
                                    :
     vs.                            :
                                    :   ORDER
WOODS RESTORATION SERVICES, LLC,    :
                                    :
            Defendant.              :
------------------------------------X

LORETTA A. PRESKA, United States District Judge:

In June of 2007, Plaintiff Al's Best Electric Co., Inc. petitioned for protection under chapter 11 of the Bankruptcy Code. Plaintiff subsequently initiated an adversary proceeding in Bankruptcy Court (Adv. Proc. No. 08-01181 (SMB) the "Adversary Proceeding") against Woods Restoration Services, LLC ("Defendant") for damages arising from an alleged breach of contract.

On November 20, 2008, Plaintiff advised the Bankruptcy Court that it would voluntarily dismiss the case and attempt to restructure its debts outside of Bankruptcy. On January 9, 2009, Plaintiff moved this Court for an Order, pursuant to 28 U.S.C. § 157(d), withdrawing the reference of the Adversary

Proceeding. Plaintiff argues that such an Order would be in the interest of judicial economy because the Adversary Proceeding Complaint has already survived a motion to dismiss and settlement discussions are well under way and, absent withdrawal of the reference, Plaintiff would have to file a new complaint upon dismissal of the chapter 11 case. Plaintiff also argues that the Adversary Proceeding is not core to the bankruptcy case, can exist independently, and asserts state law theories for recovery over which this Court has diversity jurisdiction. Defendant has not opposed the motion.

On February 3, 2009, nearly a month after Plaintiff filed the instant motion in this Court, the Bankruptcy Court dismissed Plaintiff's chapter 11 case, although the Adversary Proceeding has not yet been ordered closed.

Plaintiff has shown cause for permissive withdrawal, and its unopposed motion [09cv186, dkt no. 1] is hereby granted. This Court's adjudication of the Adversary Proceeding would also serve the important purpose articulated in Rule 1 of the Federal Rules of Civil Procedure, which provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

However, I note that the Adversary Proceeding Complaint alleges jurisdiction under 28 U.S.C. §§ 157(c) and 1334(b), which may no longer apply. Accordingly, Plaintiff shall file an

amended complaint alleging diversity jurisdiction no later than May 22, 2009. See In re: County Seat Stores, Inc., v. Olo Corp. of New Jersey, No. 99-10010-cb, 2007 Bankr. LEXIS 2163 (N.D. Tex., July 3, 2007) (recommending that the district court allow permissive withdrawal of reference upon a finding of diversity jurisdiction where the statute of limitations would otherwise have barred asserting claim over which the Bankruptcy Court could no longer exercise jurisdiction).

SO ORDERED:

Dated:   New York, New York
         April 24, 2009

_____
LORETTA A. PRESKA, U.S.D.J.